# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN
## WESTERN DIVISION

CHRISTOPHER WALLING, Individually and on behalf of All Others Similarly Situated,

          Plaintiff,

    vs.

GENERAC HOLDINGS, INC., AARON P. JAGFELD, and YORK A. RAGEN,

          Defendants.

Case No.: 3:23-cv-00808-WMC

**MEMORANDUM OF LAW IN SUPPORT OF CHRISTOPHER WALLING'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL <u>OF SELECTION OF COUNSEL</u>**

# TABLE OF CONTENTS

SUMMARY ................................................................................................................................ 1

FACTUAL BACKGROUND ..................................................................................................... 2

PROCEDURAL BACKGROUND .............................................................................................. 3

ARGUMENT ............................................................................................................................ 3

    I.      Appointing Plaintiff as Lead Plaintiff is Appropriate ................................................... 3

        A.     Plaintiff Filed a Timely Motion in Response to a PSLRA Notice .......................... 5

        B.     Plaintiff Has the Largest Financial Interest ........................................................... 5

        C.     Plaintiff Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ............................................................................................................... 6

            1.     Plaintiff's Claims Are Typical With the Claims of the Class ........................... 6

            2.     Plaintiff Is An Adequate Representative ........................................................ 7

    II.     Approving Plaintiff's Choice of Counsel is Appropriate .............................................. 9

CONCLUSION .......................................................................................................................... 9

Case 2:24-cv-00240-PP    Filed 01/22/24    Page 2 of 13    Document 7

# TABLE OF AUTHORITIES

**Cases**

*Abouzied v. Applied Optoelectronics, Inc.*,
2018 U.S. Dist. LEXIS 16801 (S.D. Tex. Jan. 22, 2018) ........................................................ 1

*In re Cendant Corp.*,
264 F.3d 201 (3d Cir. 2001)........................................................................................ 9

*Gluck v. CellStar Corp.*,
976 F. Supp. 542 (N.D. Tex. 1997) ............................................................................ 6

*Makhlouf v. Tailored Brands, Inc.,*
2017 U.S. Dist. LEXIS 41872 (S.D. Tex. Mar. 23, 2017)........................................... 5

*Parker v. Hyperdynamics Corp.*,
No. 4:12-CV-999, 2013 U.S. Dist. LEXIS 21767 (S.D. Tex. Feb. 19, 2013) .......................... 8

*In re Plains All Am. Pipeline, L.P. Sec. Litig.,*
2015 U.S. Dist. LEXIS 163811 (S.D. Tex. Dec. 7, 2015) ........................................... 6

*Stirman v. Exxon Corp.*,
280 F.3d 554 (5th Cir. 2002) ..................................................................................... 7

*In re Waste Mgmt. Sec. Litig.*,
128 F. Supp. 2d 401 (S.D. Tex. 2000) ......................................................................... 7

**Statutes**

15 U.S.C. § 78u-4 ........................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 23 ........................................................................................... *passim*

## SUMMARY

Christopher Walling ("Plaintiff") respectfully submits the following argument in support of his Motion, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, for: (1) appointment as Lead Plaintiff in the above-captioned action (the "Action"); and (2) approval of his selection of counsel on behalf of all persons who purchased or otherwise acquired Generac Holdings Inc. ("Generac" or the "Company") stock between May 3, 2023 and August 3, 2023, both dates inclusive (the "Class Period"). Plaintiff seeks to recover damages under and pursuant to Sections 10(b) and 20(a) of the 1934 Act, 15 U.S.C. §§78j(b) and 78t(a), and SEC Rule 10b-5, 17 C.F.R. §240.10b-5, against Defendants Generac, Aaron P. Jagdfeld ("Jagdfeld"), and York A. Ragen ("Ragen") (collectively "Defendants").

Pursuant to the PSLRA, the class member who possesses the largest financial interest in the relief sought by the class and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members. The most adequate plaintiff shall be appointed as lead plaintiff to lead the litigation. Plaintiff believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff based on the financial losses suffered as a result of Defendants' wrongful conduct. Moreover, Plaintiff satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23(a), as his claims are typical of other Class members' claims, and he will fairly and adequately represent the interests of the Class. *See generally Abouzied v. Applied Optoelectronics, Inc.*, 2018 U.S. Dist. LEXIS 16801, at \*5-7 (S.D. Tex. Jan. 22, 2018). In addition, Plaintiff's selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel and Mallery S.C. ("Mallery") as Liaison Counsel should be approved, as these firms have substantial expertise and experience in securities and class action

litigation.

## <u>FACTUAL BACKGROUND</u>[1]

Generac designs, engineers and markets standby power generators. ¶ 2. It produces generators for both industry and for home consumers. *Id.* The Company also produces other products for industrial and personal use, such as heaters and pressure washers. *Id.*

On May 3, 2023, the Company held its quarterly earnings call for investors. ¶ 3. During the call, President and CEO Aaron P. Jagfeld ("Jagfeld") noted the Company's sales and earnings declined year-over-year and quarter-over-quarter. *Id.*

Nevertheless, Jagfeld gave investors an optimistic outlook, stating an expectation that "gross sales from residential energy technology products and services to deliver between $300 million and $350 million for the full year 2023." ¶ 4. He further indicated an expectation for improvement in the second half of 2023. *Id.*

Later in the same earnings call, York A. Ragen ("Ragen"), Generac's CFO and CAO, stated, "demand for our home standby products tends to be driven more by power outages than overall macroeconomic conditions," giving investors the impression that Generac's sales should remain steady in spite of worsening economic conditions in the U.S. and abroad. ¶ 5.

Jagfeld later reiterated that macroeconomic factors are a secondary factor for the Company's sales and growth, stating, "I think the biggest thing over my time here, almost 3 decades at the company, is that power outages trump the economy every day of the week." ¶ 6.

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Walling* Complaint") filed in the action styled *Walling v. Generac Holdings Inc., et. al.,* Case No. 3:23-cv-00808-WMC (the "*Walling* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Walling* Complaint. The facts set forth in the *Walling* Complaint are incorporated herein by reference.

On August 2, 2023, the Company held its Q2 2023 earnings call. During that call, Jagfeld revealed lackluster quarterly results, including a $1 billion sales decrease year-over-year and that residential sales decreased 44%. ¶ 7.

When explaining that decline, Jagfeld contradicted his May statements discounting macroeconomic trends. ¶ 8. He said, "[the Company] underperformed our expectations as a result of the shift in consumer spending patterns," thus admitting the importance of inflation on consumer spending. *Id.* Consequently, Jagfeld advised investors, "[t]his weaker than previously expected demand environment is expected to persist in the second half of the year, also contributing to our lower outlooked for residential product sales." *Id.*

Generac's share price dropped swiftly the day after the earnings call. ¶ 9. On August 1, 2023, shares closed to $153.38; by the close on August 3, 2023 shares plummeted to $110.77. *Id.*

## PROCEDURAL BACKGROUND

Pending before this Court is the above-captioned Action against the Defendants. Plaintiff Christopher Walling ("Walling") commenced the *Walling* Action against Generac in this Court on November 21, 2023. On that same day, Levi & Korsinsky, on behalf of Walling, published a notice on *Globe Newswire* (the "Notice"), announcing that a securities class action had been initiated against Defendants, herein, and advising investors in Generac that they had 60 days to seek appointment as lead plaintiff. *See* Declaration of Andrew G. Frank in Support of Plaintiff's Motion for Appointment as Lead Plaintiff and Approval of Counsel (the "Frank Decl.") at Exhibit ("Ex.") C.

## ARGUMENT

I. **Appointing Plaintiff as Lead Plaintiff is Appropriate**

The PSLRA provides the procedure for appointing a lead plaintiff in class actions brought

under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action (i) by not later than 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—i.e., the plaintiff most capable of adequately representing the interests of the Class—is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.
15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof by a "purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interests of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.
15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Plaintiff satisfies all of the foregoing criteria. Plaintiff has filed a Motion to be appointed as Lead Plaintiff and has, to the best of his knowledge, the largest financial interest sought by any class member in this litigation. In addition, Plaintiff meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class.

4

Accordingly, Plaintiff respectfully submits that he should be appointed lead plaintiff. *See Makhlouf v. Tailored Brands, Inc.,* 2017 U.S. Dist. LEXIS 41872, at *29 (S.D. Tex. Mar. 23, 2017).

### A. Plaintiff Filed a Timely Motion in Response to a PSLRA Notice

On November 21, 2023, pursuant to 15 U.S.C. § 78u-4(a)(3)(A), the Notice of the pendency of the *Walling,* Action was published on *Globe Newswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against Defendants, herein, and advising purchasers of Generac stock that they had until January 22, 2024 to file a motion to be appointed as lead plaintiff.

Plaintiff filed this motion pursuant to the Notice and within the 60-day period following publication. Plaintiff has also submitted a sworn certification attesting to his purchases of Generac stock and stating that he is willing to serve as Class representative and to provide testimony at deposition and trial, if necessary. *See* Frank Decl., Ex. A. By making a timely motion in response to a published PSLRA notice, Plaintiff satisfies the first PSLRA requirement to be lead plaintiff.

### B. Plaintiff Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Plaintiff believes he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

During the Class Period, Plaintiff purchased a total of 655 shares, at a total net cost of $78,051.99, and suffered approximately $20,328.96 using a last-in-first-out ("LIFO") analysis. *See* Frank Decl., Ex. B. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy

Rule 23. Plaintiff, thus, satisfies the second PSLRA requirement—the largest financial interest in the relief sought by the Class.

**C. Plaintiff Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Plains All Am. Pipeline, L.P. Sec. Litig.,* 2015 U.S. Dist. LEXIS 163811, at *10-12 (S.D. Tex. Dec. 7, 2015). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *See Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).

**1. Plaintiff's Claims Are Typical With the Claims of the Class**

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Plaintiff plainly meets the typicality requirement of Rule 23 because he suffered the same injuries as the absent Class members, he suffered as a result

of the same course of conduct by Defendants, and his claims are based on the same legal issues. *See In re Waste Mgmt. Sec. Litig.*, 128 F. Supp. 2d 401, 411 (S.D. Tex. 2000). Importantly, the typicality requirement of Rule 23 does not require the lead plaintiff to be identically situated with all class members in order to satisfy typicality. *See Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002).

Plaintiff's claims are typical with the claims asserted by the proposed Class. Like all members of the Class, Plaintiff alleges that Defendants violated the federal securities laws by disseminating materially misleading statements concerning the operations and financial performance of Generac. Plaintiff, like all of the members of the Class, purchased Generac shares at prices artificially inflated by Defendants' alleged misstatements and omissions and was damaged thereby. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the claims of the Class, satisfies the typicality requirement of Rule 23(a)(3).

### 2. Plaintiff Is An Adequate Representative

Plaintiff is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Plaintiff's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Plaintiff's interests and those of the Class, but Plaintiff has a significant and compelling interest in prosecuting the Action based on the large

7

financial losses he has suffered as a result of the wrongful conduct alleged. This motivation, combined with Plaintiff's identical interest with the members of the Class, demonstrates that he will vigorously pursue the interests of the Class. *See Parker v. Hyperdynamics Corp.*, No. 4:12-CV-999, 2013 U.S. Dist. LEXIS 21767, at *9 (S.D. Tex. Feb. 19, 2013) (losses suffered ensure lead plaintiff will adequately represent absentee class members). Finally, Plaintiff retained counsel highly experienced in prosecuting securities class actions, and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). *See id.* (selection of "law firms that are competent at and experienced in prosecuting securities class actions" evidence of adequacy). Therefore, Plaintiff will prosecute the Action vigorously on behalf of the Class.

Moreover, Plaintiff is an adequate representative for the Class. Plaintiff considers himself to be an experienced investor, having been investing in the stock market for approximately five years. He resides in Lake Charles, Louisianna, and possesses a bachelor's degree from Louisiana State University. Plaintiff is a self-employed retail insurance agent. He is the founder and sole owner of US Principal Insurance, a retail insurance agency, that has been in business since 2014. Further, Plaintiff has experience hiring and overseeing attorneys, as he has previously hired attorneys for matters relating to home insurance.

Accordingly, at this stage of the proceedings, Plaintiff has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, because Plaintiff has sustained the largest amount of losses from the Defendants' alleged wrongdoing, he is, therefore, the presumptive Lead Plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such to lead the Action.

8

**II.     Approving Plaintiff's Choice of Counsel is Appropriate**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Plaintiff has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class and Mallery as proposed Liaison Counsel. Each firm has extensive experience in successfully prosecuting complex securities class actions such as this one and are well-qualified to represent the Class. *See* Frank Decl., Exhibit D (firm résumé of Levi & ~~Korsisnky~~Korsinsky). Thus, the Court may rest assured that by granting Plaintiff's motion, the Class will receive the highest caliber of legal representation possible.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his motion and enter an Order: (1) appointing Plaintiff as Lead Plaintiff; (2) approving Plaintiff's selection of Levi & Korsinsky as Lead Counsel and Mallery as Liaison Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

Dated: January 22, 2024                    Respectfully Submitted,

**MALLERY S.C.**

*/s/ Andrew G. Frank*
Andrew G. Frank SBN 1046021
731 North Jackson Street, Suite 900
Milwaukee, Wisconsin 53202
Tel: 414.271.2424
Fax: 414.271.8678
Email: afrank@mallerysc.com

*Liaison Counsel for Plaintiff and Proposed Liaison Counsel the Class*

9

**LEVI & KORSINSKY, LLP**
Adam M. Apton (*pro hac vice* forthcoming)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Plaintiff and Proposed Lead
Counsel for the Class*

10