# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN
## WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER WALLING, Individually and on behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GENERAC HOLDINGS, INC., AARON P. JAGFELD, and YORK A. RAGEN,<br><br>Defendants. | Case No. 3:23-cv-00808-WMC |

**CHRISTOPHER WALLING'S REPLY IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND SELECTION OF LEAD COUSNEL**

# TABLE OF CONTENTS

I.  PRELIMINARY STATEMENT ....................................................................................... 1

II.  ARGUMENT.................................................................................................................... 2

    A.  The PSLRA Process.............................................................................................. 2

        1.  Mr. Walling Possesses the "Largest Financial Interest" of Any Movant Under Each of the Olsten/Lax Factors............................................................... 3

        2.  Mr. Walling Meets the Typicality and Adequacy Requirements of Rule 23.......... 4

    B.  No Proof Exists to Rebut the Presumption in Favor of Mr. Walling's Appointment as Lead Plaintiff. ......................................................................... 6

III.  CONCLUSION.................................................................................................................. 7

ii

# TABLE OF AUTHORITIES

**Cases**

*Bang v. Acura Pharm., Inc.,*
No. 10 C 5757, 2011 U.S. Dist. LEXIS 2550 (N.D. Ill. Jan. 11, 2011) ...................................... 6

*Chandler v. Ulta Beauty, Inc.*,
No. 18-cv-1577, 2018 U.S. Dist. LEXIS 107340 (N.D. Ill. June 26, 2018) ........................... 1, 4

*City of Sterling Heights Gen. Emples. Ret. Sys. v. Hospira, Inc.*,
No. 11 C 8332, 2012 U.S. Dist. LEXIS 54081 (N.D. Ill. Apr. 18, 2012) .............................. 1, 4

*In re Bally Total Fitness Sec. Litig.,*
No. 04 C 3530, 2005 U.S. Dist. LEXIS 6243 (N.D. Ill. Mar. 15, 2005) .................................... 4

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ..................................................................................................... 7

*In re Groupon Sec. Litig.,*
No. 12 C 2450, 2012 U.S. Dist. LEXIS 123899 (N.D. Ill. Aug. 28, 2012) ............................... 5

*Kuebler v. Vectren Corp.*,
No. 3:18-cv-00113-RLY-MPB, 2018 U.S. Dist. LEXIS 153360 (S.D. Ind. Aug. 10, 2018) ..... 6

*Lax v. First Merch. Acceptance Corp.*,
1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 11, 1997) .......................................................... 4

*Maiden v. Merge Techs., Inc.*,
Nos. 06-C-349, et. al., 2006 U.S. Dist. LEXIS 85635 (E.D. Wis. Nov. 21, 2006) .................... 4

*Mayo v. Apropos Tech., Inc.*,
No. 01 C 8406, 2002 U.S. Dist. LEXIS 1924 (N.D. Ill. Feb. 6, 2002) ...................................... 4

*Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*,
256 F.R.D. 620 (E.D. Wis. 2009) (Adelman, J.) ...................................................................... 2

*Retired Chi. Police Ass'n v. City of Chi.*,
7 F.3d 584 (7th Cir. 1993) ........................................................................................................ 5

*Sokolow v. LJM Funds Mgmt.,*
No. 18-cv-01039, 2018 U.S. Dist. LEXIS 107339 (N.D. Ill. June 26, 2018) ........................... 7

*Takara Tr. v. Molex Inc.,*
229 F.R.D. 577 (N.D. Ill. 2005) ............................................................................................ 4, 5

Case 2:24-cv-00240-PP    Filed 01/29/24    Page 3 of 12    Document 10

**Statutes**

15 U.S.C. §78u-4 ........................................................................................................... passim

**Rules**

Fed. R. Civ. P. 23(a)(4)................................................................................................. 2, 3, 6, 7

iv

## I. PRELIMINARY STATEMENT

The Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4) (the "PSLRA"), sets forth a clear directive in terms of appointing lead plaintiffs to serve in securities fraud class actions. The PSLRA applies in the case at hand and, under the PSLRA, that movant Christopher Walling's motion for appointment as lead plaintiff and selection of counsel should be granted.

The PSLRA states that the movant with the "largest financial interest" that is otherwise adequate and typical shall be appointed as lead plaintiff. 15 U.S.C. §78u–4(a)(3)(B)(iii)(I). Christopher Walling ("Mr. Walling") has, by far, the largest financial interest under the four factors "[m]ost courts consider," which are: "(1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate losses suffered." (the "*Olsten/Lax* factors"). *See Chandler v. Ulta Beauty, Inc.*, No. 18-cv-1577, 2018 U.S. Dist. LEXIS 107340, at *7 (N.D. Ill. June 26, 2018) (quoting *City of Sterling Heights Gen. Emples. Ret. Sys. v. Hospira, Inc.*, No. 11 C 8332, 2012 U.S. Dist. LEXIS 54081, at *10-11 (N.D. Ill. Apr. 18, 2012)). As demonstrated in the table below, pursuant to the widely accepted *Olsten/Lax* factors, Mr. Walling has the largest financial interest as he is the only movant seeking to be appointed as the lead plaintiff in this Action:

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| **Christopher Walling** | 655 | 532 | $78,051.99 | $20,328.96 |

*See* ECF No. 8-2.

In addition to having the "largest financial interest" in the litigation, Mr. Walling is typical of his fellow class members and certainly meets the adequacy requirements under Federal Rule of Civil Procedure 23(a). Mr. Walling is typical of the other class members insofar as he purchased Generac Holdings Inc. ("Generac" or the "Company") stock between May 3, 2023 and August 3, 2023, both dates inclusive (the "Class Period") and was damaged in the same manner as all other class members. *See* Mr. Walling's Certification, ECF No. 2. Mr. Walling does not have any interests adverse to the class and he is committed to obtaining the best possible outcome for the class. Mr. Walling is also qualified to serve as the lead plaintiff, given his professional and educational background and experience overseeing attorneys. *See* Opening Brief, ECF No. 7 p. 8.

With the largest financial interest in the outcome of the action and having made the preliminary showing of typicality and adequacy, Mr. Walling is entitled to the presumption of being the "most adequate plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(iii). "Once the court identifies the presumptive lead plaintiff, that person must be named lead plaintiff unless a member of the purported plaintiff class supplies proof that the presumptive lead plaintiff will not fairly and adequately protect the interests of the class or is subject to unique defenses that render such plaintiff incapable of adequately representing the class*." Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 623 (E.D. Wis. 2009) (Adelman, J.) (citing 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)). As there are no other competing movants that can rebut this presumption with proof that Mr. Walling is somehow atypical or inadequate, he is entitled to be appointed as the lead plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). Accordingly, for these reasons Mr. Walling respectfully requests that the Court grant its motion in its entirety.

## II.    ARGUMENT

### A.  The PSLRA Process.

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private

2

action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). Following the required notice announcing the class action, class members interested in serving as lead plaintiff are required to file a motion seeking appointment within 60 days thereafter. 15 U.S.C. §78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i). From the movants that file timely motions, the presumptive "most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

After a presumptively most adequate plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

### 1. Mr. Walling Possesses the "Largest Financial Interest" of Any Movant Under Each of the Olsten/Lax Factors.

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants with the largest financial loss in the relief sought by the action. Mr. Walling is entitled to that presumption because there are no other competing movants and therefore his losses are the greatest. When evaluating "financial interest" at the lead plaintiff stage, "[m]ost courts consider: "(1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and

3

the amount received for the sale of shares during the class period); and (4) the approximate losses suffered." *Chandler,* 2018 U.S. Dist. LEXIS 107340, at *7 (quoting *City of Sterling Heights Gen. Emples. Ret. Sys.,* No. 11 C 8332, 2012 U.S. Dist. LEXIS 54081, at *10-11); *see also Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *5 (N.D. Ill. Aug. 11, 1997); *Mayo v. Apropos Tech., Inc.*, No. 01 C 8406, 2002 U.S. Dist. LEXIS 1924, at *10 (N.D. Ill. Feb. 6, 2002).

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| **Christopher Walling** | 655 | 532 | $78,051.99 | $20,328.96 |

*See* ECF No. 8-2.

"The best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness Sec. Litig.,* No. 04 C 3530, 2005 U.S. Dist. LEXIS 6243, at *14 (N.D. Ill. Mar. 15, 2005). *See Takara Tr. v. Molex Inc.,* 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("most courts simply determine which potential lead plaintiff has suffered the greatest total losses."); *Maiden v. Merge Techs., Inc.*, Nos. 06-C-349, et. al., 2006 U.S. Dist. LEXIS 85635, at *8 (E.D. Wis. Nov. 21, 2006) (measuring financial interest by number of shares purchased, amount of funds expended, and amount of losses suffered). In this instance, that movant is Mr. Walling. He has the greatest financial interest under all four *Olsten/Lax* factors. Mr. Walling incurred approximately $20,328.96 in financial losses from his investments in Generac stock, purchased 655 shares of Generac, and expended $78,051.99 in net funds. ECF No. 8-2. Mr. Walling holds the "largest financial interest" in the Action and is, therefore, presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the PSLRA. 15 U.S.C. §78u–4(a)(3)(B).

**2. Mr. Walling Meets the Typicality and Adequacy Requirements of Rule 23.**

In addition to possessing the largest financial interest, Mr. Walling satisfies the adequacy and typicality requirements of Rule 23. At the lead plaintiff stage of the litigation, "[a] lead plaintiff

must also make a preliminary showing that [he] satisfies [the] typicality and adequacy requirements of Rule 23." *In re Groupon Sec. Litig.,* No. 12 C 2450, 2012 U.S. Dist. LEXIS 123899, at *9 (N.D. Ill. Aug. 28, 2012). "A lead plaintiff's claims can be considered typical if they arise out of the 'same event or practice or course of conduct that gives rise to the claims of other class members and . . . [his] claims are based on the same legal theory." *Id*. at *10 (quoting *Takara Tr. v. Molex Inc.*, 229 F.R.D. 577, 580 (N.D. Ill. 2005)). Mr. Walling's claims are typical of those of other class members because, like other class members, he purchased Generac stock during the Class Period. *See* ECF No. 2 (certification evidencing transactions in Generac stock). Moreover, Mr. Walling's claims are based on the same legal theory and arise from the same events and course of conduct as the Class' claims. Mr. Walling is, and will be, pursuing the same theory of liability as all other Class Members. ECF No. 7, pp. 6-7 (opening brief supporting Mr. Walling's motion).

In addition to meeting the "typicality" requirements under Rule 23, Mr. Walling also makes the necessary *prima facie* showing of "adequacy." To satisfy the adequacy requirement at this stage of the proceedings, Mr. Walling must make a preliminary showing that he "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "This requirement is met if the lead plaintiff is represented by adequate counsel and has no claims that conflict with or are antagonistic to the class." *Takara Tr.,* 229 F.R.D. 577, 580 (citing *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 598 (7th Cir. 1993)). Mr. Walling is more than qualified to serve as lead plaintiff. Mr. Walling considers himself to be an experienced investor, having been investing in the stock market for approximately five years. *See* Opening Brief, ECF No. 7 p. 8. He resides in Lake Charles, Louisiana, and possesses a bachelor's degree from Louisiana State University. *Id*. Mr. Walling is a self-employed retail insurance agent. *Id*. He is the founder and sole owner of US Principal Insurance, a retail insurance agency, that has been in business since 2014. *Id*. Further,

Mr. Walling has experience hiring and overseeing attorneys, as he has previously hired attorneys for matters relating to home insurance. *Id*. Likewise, Mr. Walling's certification pursuant to the federal securities laws, his opening brief detailing his motivation and intention to oversee this litigation, and selection of experienced and capable counsel in Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel for the Class and Mallery S.C. ("Mallery") as Liaison Counsel for the Class demonstrates he will adequately represent the interests of the proposed Class. Accordingly, Mr. Walling has made a preliminary showing that he satisfies the adequacy and typicality requirements of Rule 23.

As Mr. Walling has the largest financial interest in the litigation and satisfies the adequacy and typicality requirements of Rule 23, he is entitled to the presumption of being the "most adequate plaintiff" to represent the Class.

### B. No Proof Exists to Rebut the Presumption in Favor of Mr. Walling's Appointment as Lead Plaintiff.

Importantly, because Mr. Walling has the largest financial interest in this litigation, the PSLRA provides a rebuttable presumption that he is the most adequate plaintiff to represent the Class. The "strong presumption" in favor of appointing Mr. Walling as Lead Plaintiff can only be rebutted with "proof" that Mr. Walling is somehow atypical or inadequate. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *see also Bang v. Acura Pharm., Inc.,* No. 10 C 5757, 2011 U.S. Dist. LEXIS 2550, at *13 (N.D. Ill. Jan. 11, 2011) ("[T]he PSLRA provides for th[e lead plaintiff] presumption to be 'rebutted only upon proof'"). "[O]nce the presumption is triggered, the question *is not* whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a []fair and adequate[] job." *Kuebler v. Vectren Corp.*, No. 3:18-cv-00113-RLY-MPB, 2018 U.S. Dist. LEXIS 153360, at *12-13 (S.D. Ind. Aug. 10, 2018) (citing *In re*

*Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001)). "Mere speculation" is insufficient to rebut the lead plaintiff presumption. *Sokolow v. LJM Funds Mgmt.,* No. 18-cv-01039, 2018 U.S. Dist. LEXIS 107339, at *26 (N.D. Ill. June 26, 2018). No such proof exists here. Mr. Walling has no conflicts with the members of the class and is motivated to recover the heavy losses he suffered. Accordingly, Mr. Walling is both typical and adequate and his Motion should be granted in its entirety.

### III.   CONCLUSION

For the foregoing reasons, Mr. Walling respectfully requests that the Court grant his Motion and enter an Order: (1) appointing him as Lead Plaintiff, (2) approving his selection of Levi & Korsinsky as Lead Counsel and Mallery as Liaison Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: January 29, 2024                    Respectfully Submitted,

**MALLERY S.C.**

 */s/ Andrew G. Frank*
Andrew G. Frank SBN 1046021
731 North Jackson Street, Suite 900
Milwaukee, Wisconsin 53202
Tel: 414.271.2424
Fax: 414.271.8678
Email: afrank@mallerysc.com

*Liaison Counsel for Plaintiff and Proposed Liaison Counsel the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton (*pro hac vice* forthcoming)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Plaintiff and Proposed Lead Counsel for the Class*

8

Case 2:24-cv-00240-PP    Filed 01/29/24    Page 12 of 12    Document 10