CHRISTOPHER WALLING, Individually and on behalf of All Others Similarly Situated,

     Plaintiff,

  v.

GENERAC HOLDINGS, INC., AARON P. JAGDFELD, and YORK A. RAGEN,

     Defendants.

Case No. 2:24-cv-00240

CLASS ACTION

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
CONSIDER DOCUMENTS UNDER THE
INCORPORATION-BY-REFERENCE DOCTRINE OR BY JUDICIAL NOTICE**

## I.   PRELIMINARY STATEMENT

Pursuant to the incorporation-by-reference doctrine and Federal Rule of Evidence 201, Defendants Generac Holdings, Inc. ("Generac"), Aaron P. Jagdfeld, and York A. Ragen (collectively, "Defendants") respectfully request that the Court consider the documents (the "Exhibits") attached to the Declaration of Jacqueline M. Vallette in support of Defendants' Motion to Dismiss the Amended Complaint (the "Motion to Dismiss").

The Exhibits are true and correct copies of a periodic financial report that Generac filed with the U.S. Securities and Exchange Commission ("SEC") (Exhibit 1), transcripts of Generac earnings calls (Exhibits 2, 3, 5), a Generac press release (Exhibit 4), an analyst report (Exhibit 6), and Mr. Jagdfeld's Form 4s as filed with the SEC (Exhibits 7, 8, 9, 10, 11). As explained below, courts routinely consider and/or take notice of such documents in connection with motions to dismiss shareholder class action complaints.

## II.   LEGAL STANDARDS

In ruling on a motion to dismiss, courts "must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts, Ltd.*, 551 U.S. 308, 322 (2007). Considering such documents does not require the Court to "convert[] [a] motion to dismiss into a motion for summary judgment." *Menominee Indian Tribe v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998).

Under the incorporation-by-reference doctrine, courts may consider documents that are not attached to the complaint but that are (1) referenced in the complaint; (2) concededly authentic; and (3) central to the plaintiff's claims. *Fin. Fiduciaries, LLC v. Gannett Co., Inc.*, 46 F.4th 654, 663 (7th Cir. 2022). "In effect, the incorporation-by-reference doctrine provides that if a plaintiff

1

mentions a document in his complaint, the defendant may then submit the document to the court without converting defendant's 12(b)(6) motion to a motion for summary judgment." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). The doctrine safeguards against a plaintiff "evad[ing] dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that prove[s] his claim has no merit." *Id.* (quoting *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002)).

Separately, under Federal Rule of Evidence 201, courts may judicially notice facts that are not subject to reasonable dispute because they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). As such, courts may take judicial notice of public records, including SEC filings, for the purpose of determining their contents. *City of Birmingham Ret. and Relief Sys. v. A.O. Smith Corp.*, 468 F. Supp. 3d 1048, 1051 n.1, 1056-57, 1061 (E.D. Wis. 2020) (considering and/or taking judicial notice of analyst reports, company's SEC filings and earnings call transcripts in granting motion to dismiss); *In re Supreme Indus., Inc. Sec. Litig.*, 2019 WL 1436022, at *2 (N.D. Ind. Mar. 29, 2019) (taking judicial notice of SEC filings when dismissing complaint with prejudice); *In re Guidant Corp. Sec. Litig.*, 536 F. Supp. 2d 913, 921 (S.D. Ind. 2008) ("[I]t is permissible for courts to take judicial notice of SEC filings at the 12(b)(6) stage in securities fraud cases for the purpose of determining what statements the documents contain.").

## III. ALL OF THE EXHIBITS ARE INCORPORATED BY REFERENCE IN THE COMPLAINT AND/OR ARE JUDICIALLY NOTICEABLE

*First*, the Court may consider Exhibits 3 through 9 under the incorporation-by-reference doctrine because each is referenced in the Amended Complaint for Violations of the Federal Securities Laws (ECF 25, the "Complaint"), indisputably authentic, and central to Plaintiff's claims.

The Complaint challenges twelve public statements Defendants made on May 3, 2023 (the "Statements"). In its allegations about the Statements, the Complaint cites to and directly quotes from Exhibits 3 and 4, the May 3, 2023 earnings call transcript and press release, respectively. *See* ¶¶ 60-64[1]. The Complaint also alleges that analysts relied upon the Statements and cites certain analyst reports, including Exhibit 6. *See* ¶ 36. Finally, the Complaint alleges that disclosures made during Generac's August 2, 2023 earnings call (Exhibit 5) revealed the alleged false and misleading nature of the Statements. *See* ¶¶ 54-56.

Exhibits 3-6 are central to Plaintiff's claims and referenced in the Complaint. Accordingly, the Court may consider each of these documents. *Fryman v. Atlas Fin. Holdings, Inc.*, 462 F. Supp. 3d 888, 894 (N.D. Ill. 2020) (considering SEC filings, press releases, and conference call transcripts because they were "referenced in the [complaint]" and "central to Plaintiffs' claims" since they included the purportedly materially false statements); *Schultz v. Tomotherapy Inc.*, 2009 WL 2032372, at *1 (W.D. Wis. July 9, 2009) (full text of SEC filings, prospectuses and analysts' reports referenced in complaint were properly considered in deciding motion to dismiss). Further, Plaintiff cannot reasonably dispute the authenticity of these Exhibits since he cites these documents in the Complaint. *See Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 895 (7th Cir. 2018) (finding district court did not abuse its discretion by considering document attached to defendant's motion to dismiss under incorporation-by-reference doctrine, where plaintiff did not contest the document's authenticity).

Next, several of Mr. Jagdfeld's Form 4s (Exhibits 7-9) are also incorporated by reference because they are central to Plaintiff's allegations in paragraphs 81 and 82. The Complaint alleges in those paragraphs that Generac stock sales by Mr. Jagdfeld during the Class Period support a

---

[1] Paragraph citations are to the Complaint by paragraph number.

strong inference of scienter. ¶¶ 81-82. Although the Complaint does not disclose the sources of this information, "[b]ecause . . . the information in the Forms 4 from within the class period is identical" to the allegations in the Complaint, "and because the only source of insider trading data available to plaintiffs when drafting complaints is the Forms 3, 4, and 5 filed with the SEC, the Court can safely assume that the Forms 4 filed by the Individual Defendants during the class period were the source" of those allegations. *Fryman*, 462 F. Supp. 3d 894-95; *id.* at 903-04 (considering Form 4s when assessing complaint's scienter allegations); *see Okla. Firefighters Pension & Ret. Sys. & Okla. Law Enforcement Ret. Sys. v. IXIA*, 2015 WL 1775221, at \*15 (C.D. Cal. Apr. 14, 2015) (Form 4s were incorporated by reference because plaintiffs' allegations relied on stock sales). Further, Plaintiff again cannot reasonably dispute the authenticity of these Exhibits because they are filed with the SEC and Plaintiff relied on them for his stock sales allegations. *See Mueller*, 880 F.3d at 895; *see also W. Palm Beach Firefighters' Pension Fund v. Conagra Brands, Inc.*, 495 F. Supp. 3d 622, 665 n.16 (N.D. Ill. 2020) ("Plaintiffs do not contest the authenticity of this SEC filing, so the court takes judicial notice of it.").

 *Second*, the Court may consider all Exhibits because they are judicially noticeable matters of public record. Because all Exhibits other than Exhibits 1, 2, 10, and 11 may be considered under the incorporation-by-reference doctrine, Exhibits 1, 2, 10, and 11 are the only Exhibits for which the Court must decide whether they are judicially noticeable. Exhibit 1 is Generac's 2022 annual report on Form 10-K, filed with the SEC on February 22, 2023. Exhibits 10 and 11 are Mr. Jagdfeld's filed Form 4s for April 2023 and May 2023, respectively. The Complaint does not expressly reference these two documents but, like Mr. Jagdfeld's other Form 4s, these were also filed with the SEC. As SEC filings, Exhibits 1, 10, and 11 are indisputably documents of which the Court can take judicial notice. *See College Ret. Equities Fund v. The Boeing Co.*, 2023 WL

4

6065260, at *3 n.1 (N.D. Ill. Sept. 18, 2023) (judicially noticing SEC filing); *Patten v. N. Trust Co.*, 703 F. Supp. 2d 799, 803 n.2 (N.D. Ill. 2010) (same). When weighing the inferences of scienter in connection with a motion to dismiss, district courts routinely examine Form 4s to assess individual defendants' total stock holdings and reasons for their stock sales. *See, e.g.*, *Van Noppen v. InnerWorkings, Inc.*, 136 F. Supp. 3d 922, 944 (N.D. Ill. 2015) (when analyzing scienter, considering an individual defendant's Form 4's disclosure that relevant stock sales were automatic pursuant to a Rule 10b5-1 trading plan).

Exhibit 2 is a copy of Generac's earnings call transcript for the first quarter of the 2022 fiscal year. Like the rest of the Exhibits, Exhibit 2 falls into a category that district courts regularly find judicially noticeable. District courts routinely take judicial notice of conference call transcripts, SEC filings, press releases, and analyst reports on motions to dismiss in shareholder class actions. *E.g.*, *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018) (taking judicial notice of five publicly available transcripts from earnings calls and various other SEC filings); *see also Boeing*, 2023 WL 6065260, at *3 n.1 (taking judicial notice of an SEC filing because it is a matter of public record, its authenticity has not been challenged, its existence is not subject to reasonable dispute, and its accuracy cannot be reasonably questioned); *Patten*, 703 F. Supp. 2d at 803 n.2 (SEC filings); *U.S. Sec. and Exch. Comm'n v. Ustian*, 229 F. Supp. 3d 739, 761 (N.D. Ill. 2017) (analyst reports).

The Court may therefore properly take judicial notice of each of the Exhibits.

## IV. **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court consider and/or take notice of each of the Exhibits in connection with the Court's consideration of, and decision on, Defendants' Motion to Dismiss the Amended Complaint.

5

Dated: June 21, 2024

Respectfully submitted,

By: */s/ Glenn K. Vanzura*
Glenn K. Vanzura
Jacqueline M. Vallette
**MAYER BROWN LLP**
333 S. Grand Avenue, 47th Floor
Los Angeles, CA 90071
(213) 229-9500
gvanzura@mayerbrown.com
jvallette@mayerbrown.com

Joseph De Simone
Kevin C. Kelly
**MAYER BROWN LLP**
1221 Avenue of the Americas
New York, NY 10020
(212) 506-2559
jdesimone@mayerbrown.com
kkelly@mayerbrown.com

Carolina A. Herrera
Daisy R. Gray (admission forthcoming)
**MAYER BROWN LLP**
700 Louisiana Street, Suite 3400
Houston, TX 77002
(713) 238-3000
cherrera@mayerbrown.com
dgray@mayerbrown.com

*Counsel for Defendants Generac Holdings, Inc.,
Aaron P. Jagdfeld, and York A. Ragen*

6